Ian S. Millican
LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York 10018
Attorneys for Defendant Georgia-Pacific LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------X
ARTHUR HAMMELL and LINDA HAMMELL,

                Plaintiffs,

    -against-

AIR & LIQUID SYSTEMS CORPORATION, et al.,

                Defendants.
------------------------------------------------------------------X

CASE NO. 3:14-cv-00013-MLC-TJB

**ANSWER, CROSS CLAIMS, DENIAL OF CROSS CLAIMS, AFFIRMATIVE DEFENSES AND JURY DEMAND**

      Defendant Georgia-Pacific LLC ("Georgia-Pacific"), incorrectly sued as Georgia-Pacific, LLC, by its attorneys Lynch Daskal Emery LLP, for its answer to Plaintiffs' Complaint, states:

### PARTIES - PLAINTIFFS

      1.    Georgia-Pacific denies knowledge or information sufficient to forma belief as to the allegations contained in paragraph 1 of the Complaint.

      2.    Georgia-Pacific denies the allegations contained in paragraph 2 of the Complaint insofar as such allegations pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

      3.    Georgia-Pacific denies the allegations contained in paragraphs 3 through 8 of the Complaint insofar as such allegations pertain to Georgia-Pacific and denies knowledge or

information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

4. Georgia-Pacific denies the allegations contained in paragraph 9 of the Complaint inasfar as such allegations pertain to Georgia-Pacific.

## PARTIES – DEFENDANTS

5. Georgia-Pacific denies the allegations contained in paragraph 10 of the Complaint insofar as such allegations pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

6. Georgia-Pacific denies the allegations contained in paragraphs 11 through 12 of the Complaint insofar as such allegations pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE FIRST COUNT

7. With respect to paragraph 13 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

8. Georgia-Pacific denies the allegations contained in paragraph 14 through 18 of the complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE SECOND COUNT

9. With respect to paragraph 19 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

10. Georgia-Pacific denies the allegations contained in paragraph 20 through 21 of the Complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE THIRD COUNT

11. With respect to paragraph 22 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

12. Georgia-Pacific denies paragraphs 23 through 25 of the Complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE FOURTH COUNT

13. With respect to paragraph 26 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

14. Georgia-Pacific denies paragraphs 27 through 32 of the Complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE FIFTH COUNT

15. With respect to paragraph 33 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

16. Georgia-Pacific denies the allegations contained in paragraphs 34 through 35 of the Complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AS TO THE SIXTH COUNT

17. With respect to paragraph 36 of the Complaint, Georgia-Pacific repeats, reiterates, and realleges its responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

18. Georgia-Pacific denies the allegations contained in paragraphs 37 through 38 of the Complaint insofar as they pertain to Georgia-Pacific and denies knowledge or information sufficient to form a belief as to those allegations as they pertain to parties other than Georgia-Pacific.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

19. The complaint fails to state a cause of action against Georgia-Pacific.

### SECOND DEFENSE

20. The Court lacks subject matter jurisdiction over this action.

### THIRD DEFENSE

21.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or the statutes of limitations claimed to be applicable by Plaintiffs are unconditional.

## FOURTH DEFENSE

22.     Upon information and belief, Plaintiffs have unduly delayed bringing their claims in this action to the prejudice of Georgia-Pacific.  As a result, Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH DEFENSE

23.     Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

24.     Plaintiffs have failed to join as parties one or more persons or defendants needed for just and complete adjudication of the matters in controversy.

## SEVENTH DEFENSE

25.     Plaintiffs lack capacity, standing or authority to bring this action, in whole or in part.

## EIGHTH DEFENSE

26.     Plaintiffs' claims are barred by the doctrine of res judicata and/or collateral estoppel.

## NINTH DEFENSE

27.     Plaintiffs executed a settlement agreement releasing and discharging Georgia-Pacific from all claims arising out of Plaintiff's alleged injuries.

## TENTH DEFENSE

28.     Georgia-Pacific was not in an agency relationship with any of the Co-Defendants.

**ELEVENTH DEFENSE**

29. While denying any negligence or other liability, this defendant says that if, in fact, such negligence or other liability is found, then the claims of the Plaintiffs are barred or, in the alternative, the recoverable damages are reduced by reason of the Comparative Negligence Act N.J.S.A. 2A:15-5.1, et seq.

**TWELVETH DEFENSE**

30. In the event that Plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

**THIRTEENTH DEFENSE**

31. Any injuries and/or damages sustained by plaintiff were the direct and proximate result of unforeseen and unforeseeable negligent, grossly negligent, wanton or reckless acts, omissions or conduct of intervening third parties, or the direct and proximate result of superseding causes.

**FOURTEENTH DEFENSE**

32. The amount of damages, if any, recoverable by Plaintiffs should be diminished by reason of Plaintiff's negligence, carelessness, or other culpable conduct.

**FIFTEENTH DEFENSE**

33. Each cause of action is barred by the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of risk.

## SIXTEENTH DEFENSE

34. Plaintiff's alleged injuries were caused by improper use and handling of the products at issue.

## SEVENTEENTH DEFENSE

35. Plaintiffs failed to take reasonable and/or adequate steps and precautions for the safe use of the products at issue.

## EIGHTEENTH DEFENSE

36. Plaintiffs voluntarily assumed any risks associated with the use of or exposure to the products at issue.

## NINETEENTH DEFENSE

37. Any injuries sustained by Plaintiffs were proximately caused by Plaintiffs' unauthorized alteration of the products at issue.

## TWENTIETH DEFENSE

38. This defendant is not liable to Plaintiffs with respect to the injuries alleged in Plaintiffs' complaint because such injuries, if any, were caused by pure accident in terms of law.

## TWENTY-FIRST DEFENSE

39. Plaintiff contributed to his injuries by the use of other substances, products, medications, and/or drugs.

## TWENTY-SECOND DEFENSE

40   Plaintiff's injuries were caused directly, solely, and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to plaintiff and not found in the general public, of which Georgia-Pacific neither knew, had reason to know, nor could have foreseen.

### TWENTY-THIRD DEFENSE

41. Plaintiffs failed to mitigate or otherwise act to lessen or reduce the alleged injuries, disability and/or damages.

### TWENTY-FOURTH DEFENSE

42. Any injuries and/or damages sustained by Plaintiffs are the result of the actions or inactions of persons or entities for whose conduct Georgia-Pacific is not legally responsible.

### TWENTY-FIFTH DEFENSE

43. Plaintiffs were reasonably and adequately warned of any alleged risks associated with the use of or exposure to asbestos-containing products.

### TWENTY-SIXTH DEFENSE

44. Plaintiffs' claim for collective liability is barred because all or a substantial share of the market of all potential tortfeasors are not before the Court.

### TWENTY-SEVENTH DEFENSE

45. Plaintiffs' claims are barred by the entire controversy doctrine.

### TWENTY-EIGHTH DEFENSE

46. There exists no privity between Georgia-Pacific and Plaintiffs. Therefore, Georgia-Pacific is not responsible to Plaintiffs in connection with the Plaintiff's alleged injuries.

### TWENTY-NINTH DEFENSE

47. Plaintiffs' claims are barred in whole or in part by the applicable state-of-the-art defense.

### THIRTIETH DEFENSE

48. The legal basis and concept of punitive damages is inapplicable and should not be applied to Georgia-Pacific.

## THIRTY-FIRST DEFENSE

49. The legal basis and concept of strict liability is inapplicable and should not be applied to Georgia-Pacific.

## THIRTY-SECOND DEFENSE

50. If Plaintiff alleges he was exposed to asbestos from a government specified product manufactured, sold, supplied, or distributed by Georgia-Pacific, then Plaintiffs' claims are barred by the governmental contractor defense. At times relevant hereto, Georgia-Pacific relied upon and complied with the standards and/or specifications of the United States Government or other governmental entities regarding the composition of any products specified by or sold, supplied, or distributed to the United States Government.

## THIRTY-THIRD DEFENSE

51. Georgia-Pacific contends that if Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, then accordingly, said claims are barred.

## THIRTY-FOURTH DEFENSE

52. If the claims stated in Plaintiffs' Complaint have been settled, compromised, or otherwise discharged, then Georgia-Pacific is due a set off.

## THIRTY-FIFTH DEFENSE

53. Georgia-Pacific alleges that its right to seek contribution and/or indemnification shall in no way be compromised or waived by the fact that certain manufacturers of asbestos-containing materials have filed for bankruptcy and consequently are not presently within the jurisdiction of this Court.

**THIRTY-SIXTH DEFENSE**

54.     Georgia-Pacific provides that if Plaintiff utilized any of its products, such use was minimal and not on a regular basis over some extended period of time, and, therefore, recovery is precluded with regard to Georgia-Pacific because such use was not a substantial factor in the causation of the alleged injuries and damages.

**THIRTY-SEVENTH DEFENSE**

55.     Georgia-Pacific asserts that any award of punitive damages would violate the United States Constitution in that:

(a)     Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

(b)     An allowance of punitive damages in this case would violate the commerce clause, Article I, Section 8, United States Constitution; and

(c)     An allowance of punitive damages in this case would expose Georgia-Pacific to multiple awards of punitive damages and thereby subject them to double jeopardy for the same alleged acts and would violate Georgia-Pacific's right to protection from "excessive fines" as provided in the Eighth Amendment of The United States Constitution.

**THIRTY-EIGHTH DEFENSE**

56.     Plaintiff and his employers were sophisticated users of asbestos and asbestos related products. Thus, there was no duty for Georgia-Pacific to warn them of any alleged danger or risk inherent in its products or other products.

**THIRTY-NINTH DEFENSE**

57.     All defenses which have been or will be asserted by other persons or entities in this action are adopted and incorporated by reference as if fully set forth herein.  In addition,

Georgia-Pacific will rely upon any and all other further defenses which become available or appear during discovery in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

### FORTIETH DEFENSE

58. All defenses which have been or will be asserted by other persons or entities in this action are adopted and incorporated by reference as if fully set forth herein. In addition, Georgia-Pacific will rely upon any and all other further defenses which become available or appear during discovery in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

### CROSS-CLAIMS

59. Georgia-Pacific demands contribution from all Co-Defendants pursuant to the New Jersey Joint Tortfeasors Act, and the Comparative Negligence Act of the State of New Jersey.

60. The injuries and damages sustained by Plaintiffs were the results of the sole, culpable acts of negligence or other wrongful acts of the Co-Defendants entitling this party to indemnification.

61. The injuries and damages sustained by Plaintiffs were the results of the breach of warranty and/or breach of the duties of strict liability in tort of the Co-Defendants entitling this party to indemnification.

WHEREFORE, defendant Georgia-Pacific LLC demands judgment:

a. dismissing Plaintiffs' complaint and all cross-claims against Georgia-Pacific with prejudice;

  b. alternatively, in the event judgment is recovered by Plaintiffs against Georgia-Pacific, awarding Georgia-Pacific judgment over as against other defendants;

  c. awarding Georgia-Pacific the costs and disbursements of this action.

## DENIAL OF CROSS-CLAIMS

Georgia-Pacific denies any and all cross-claims which are or which may be asserted against it.

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

New York, New York
Date: January 30, 2014

          LYNCH DASKAL EMERY LLP

          By: /s/ Ian S. Millican
            Ian S. Millican
            Attorneys for Defendant
            Georgia-Pacific LLC
            264 West 40th Street
            New York, New York 10018
            (212) 302-2400
            Millican@lawlynch.com

## **CERTIFICATE OF SERVICE**

      I, Ian S. Millican, do hereby certify that on January 30, 2014, I electronically filed ANSWER, CROSS CLAIMS, DENIAL OF CROSS CLAIMS, AFFIRMATIVE DEFENSES AND JURY DEMAND in this matter on behalf of Georgia-Pacific LLC.

Dated:   New York, New York
             January 30, 2014

                                          /s/ Ian S. Millican
                                            Ian S. Millican