# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer

Of Counsel
Stephen Skillman
Linda R. Feinberg
Paul T. Koenig, Jr.
Robert A. Gladstone
Janine Danks Fox*
Richard A. Catalina Jr.*†
Eric M. Stein**

Robert G. Stevens Jr.**
Michael D. Brottman**
Benjamin T. Branche*
Lindsey Moskowitz Medvin**
Mark A. Fisher
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Chimbangu
Jamie Yi Wang#
Bella Zaslavsky**
Kathleen O'Brien
Steven A. Lipstein**
Yarona Y. Liang#

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

April 4, 2014

*Via Electronic Filing*

Clerk
United States District Court
402 E. State Street
Trenton, NJ 08608

      Re:    Arthur Hammell et al. v. Crane Co., et al.
              <u>Civil Docket No.: 3:14-cv-00013 MLC TJB</u>

Dear Sir or Madam:

      This office represents Plaintiffs in connection with the above-referenced matter, which was recently removed from the New Jersey Superior Court by Defendants, Foster Wheeler Energy Corporation ("Foster Wheeler"), General Electric Company ("GE") and CBS Corporation, a Delaware corporation, f/k/a, Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"). I am writing to object to the request recently made by Defendant, Crane Co. ("Crane"), for an automatic extension of time to file their opposition to Plaintiffs' Motion to Remand, or in the Alternative, for Partial Summary Judgment Striking the Government Contractor Defense asserted by Foster Wheeler, GE and Westinghouse. See, <u>L.Civ.R.</u> 7.1(d)(5).

      There are a number of reasons for Plaintiffs' opposition to Crane's request

1106712.1



*April 4, 2013*

*Page 2*

for an extension. First, the summary judgement aspect of Plaintiffs' motion does not address Crane, but is limited to Foster Wheeler, GE and Westinghouse. Therefore, to the extent Crane is requesting an extension of time to respond to Plaintiffs' remand motion, Defendant cannot invoke the automatic adjournment provisions contained in L.Civ.R. 7.1(d)(5). That Rule applies exclusively to "dispositive motions." However, it is well-settled that remand motions, like the one filed by Plaintiffs in this case, are not considered "dispositive motions." See, North Jersey Savings & Loan Assoc. v. Fidelity and Deposit Co. Of Maryland, 125 F.R.D. 96, 98-99 (D.N.J. 1988); Campbell v. International Business Machines, 912 F.Supp. 116, 118-19 (D.N.J. 1996); Tinkham v. Mass. Mutual Life Ins. Co., 1996 WL 673527 (1996); Hitachi Cable of America, Inc. v. Wines, 1986 WL 2135 (D.N.J.)(all specifically holding that a motion to remand is not a dispositive motion). Consequently, the automatic adjournment provisions of L.Civ.R. 7.1(d)(5) cannot be invoked by Crane because they do not apply.

Second, to the extent that Defendant is seeking an automatic adjournment in order to reply to the summary judgment aspect of Plaintiffs' motion, there is no basis to invoke L.Civ.R. 7.1(d)(5) because the Hammells have not moved for summary judgment against Crane.

Plaintiffs oppose Defendants' adjournment request for a third reason. As a living mesothelioma victim, Arthur Hammell's deteriorating condition is such that any further delay in this litigation, in addition to the one already caused by Defendants' improper removal of this action, will jeopardize the likelihood that he will live long enough to see this litigation through to a conclusion.

That being said, Plaintiffs do not object to allowing Crane additional time to oppose their remand motion as long as it does not impact the current return date (*i.e.,* April 21st). We would propose giving Crane until April 11th to file its opposition and allowing Plaintiffs to submit their reply papers by April 16th. It is respectfully submitted that this accommodation would strike the appropriate balance between the interests of all involved.

1106712.1



*April 4, 2013*

*Page 3*

Thank you for your consideration.

Respectfully submitted,

**SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.**

s/ Robert E. Lytle
　　Robert E. Lytle

REL/mcm

c:　Michael Gilberti, Esq.
　　Jerome Block, Esq.
　　Joseph Mandia, Esq.
　　All Counsel

1106712.1