**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| LINDA HAMMELL, individually | : | CIVIL ACTION NO. 14-13 (MLC) |
| and as executrix of the estate of | : | |
| ARTHUR HAMMELL, | : | |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| AIR & LIQUID SYSTEMS | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |
| ——————————————— | : | |

**COOPER, District Judge**

Plaintiff, Linda Hammell, individually and as executrix of the estate of Arthur

Hammell, asserts that Arthur Hammell ("Hammell") was exposed to asbestos-containing

products that were manufactured, distributed, or supplied by certain defendants during his

service in the United States Navy ("Navy"). (Dkt. 1-5 at 6–8; see also dkt. 266 at 2, 4.)[1]

Defendant CBS Corporation ("Defendant"), named herein by reference to its former

name Westinghouse Electric Corporation, moves for summary judgment in its favor as to

all claims asserted against it on, inter alia, the bare metal defense. (Dkt. 154-1; dkt. 193-

2 at 17; see also dkt. 1-5 at 6.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by
referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF
pagination.

Plaintiff opposes Defendant's motion.  (Dkt. 220.)  For the reasons described below, the Court will grant Defendant's motion for summary judgment based on the bare metal defense.

## BACKGROUND

### I.   FACTUAL BACKGROUND

Hammell served as a boilerman in the Navy on a ship known as the USS Charles H. Roan (hereinafter, "Roan") from April of 1962 through September of 1964.  (Dkt. 154-4 at 11, 17–18.)  Hammell worked on the Roan when it was docked in the Brooklyn Navy Yard, and also when it was at sea.  (Id. at 18, 26.)  As part of his job duties, Hammell operated machinery, including boilers and superheaters.  (Id. at 18, 75.) He testified, however, that he did not operate turbine generators, because that machinery was located in the engine rooms of the vessel.  (Id. at 86.)  Hammell also conceded, during a deposition, that he could not recall working on equipment that was manufactured by Defendant.  (Id.)

Defendant supplied turbine generators to the Roan.  (Dkt. 193-1 at 2.)  Defendant asserts, however, that it did not supply asbestos-containing machinery to the Roan at the time of Hammell's alleged exposure.  (Dkt. 193-2 at 18.)

### II.   PROCEDURAL BACKGROUND

Plaintiff initially brought this action in New Jersey Superior Court, Middlesex County ("Middlesex County") on November 15, 2013 against this Defendant and many others.  (See dkt. 1-5 at 6–8.)  Plaintiff alleged that Defendant failed to warn Hammell of the hazards of alleged asbestos-containing machinery that it supplied to the Navy.  (Id. at

13–14.)  According to Plaintiff, Defendant's failure to warn was the proximate cause of

Hammell's injuries.  (See id. at 14.)

This action was removed pursuant to the federal officer removal statute, 28 U.S.C.

§ 1442(a)(1).  (See dkt. 1 at 1.)  Plaintiff moved to remand the action to Middlesex

County.  (Dkt. 82-2 at 6.)  This Court denied Plaintiff's motion for remand.  (Dkt. 167.)

The Court now considers the pending motion for summary judgment below.

## DISCUSSION

## I.   LEGAL STANDARD AND APPLICABLE LAW

### A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 56 governs motions for summary

judgment.  See Fed.R.Civ.P. 56(a).  Pursuant to Rule 56(a), a court "shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  Id.  The movant has the initial

burden of proving the absence of a genuinely-disputed material fact regarding the claims

at issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 331 (1986).  The nonmoving party,

in response, must "go beyond the pleadings and by her own affidavits, or by the

depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial."  Id. at 324 (internal citation and quotation

omitted).  Material facts are those "that could affect the outcome" of the proceeding, and

"a dispute about a material fact is genuine if the evidence is sufficient to permit a

reasonable jury to return a verdict for the non-moving party."  Lamont v. New Jersey,

637 F.3d 177, 181 (3d Cir. 2011) (internal citation and quotation omitted).

Summary judgment is "proper if, viewing the record in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." United States ex rel. Kosenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009).

### B.   Applicable Law

Plaintiff argues that either maritime law or New York law governs this case, whereas Defendant argues that either maritime law or New Jersey law applies. (Compare dkt. 220 at 12, with dkt. 193-2 at 9.) The Court provides the following analysis, and determines that maritime law governs this case.

Maritime law applies when a claim meets both a "locality test" and a "connection test." Conner v. Alfa Laval, Inc., 799 F.Supp.2d 455, 461–66 (E.D. Pa. 2011). The locality test is satisfied when a tort related to a claim at issue occurred: (1) on navigable waters, which includes vessels that are docked in shipyards; or (2) on land, but as the result of a "vessel on navigable waters." Duenas v. Gen. Elec. Co., MDL No. 875, 2014 WL 345232, at *1 n.1 (E.D. Pa. Jan. 29, 2014). The connection test is met when the tort related to the claim at issue: (1) had a potentially disruptive impact on maritime commerce; and (2) bore a substantial relationship to traditional maritime activity. Conner, 799 F.Supp.2d at 466–69 (holding that alleged asbestos exposure "plainly had a potentially disruptive impact on maritime commerce as to the injured parties" and finding that the allegedly-defective products bore "a substantial relationship to traditional maritime activity.").

4

The locality test is satisfied here, because the alleged asbestos exposure occurred when Hammell was aboard the Roan when it was docked at the Brooklyn Navy Yard and when it was at sea.  See supra p.2; see also Conner, 799 F.Supp.2d at 466 ("Thus, in the case of asbestos-related disease arising from work on or around ships, the Court concludes that the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters."); Abbay v. Armstrong Int'l, Inc., MDL No. 875, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (stating that "it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters.").

The connection test is also met here, because the alleged asbestos exposure occurred when Hammell was performing sea-based tasks related to the maintenance of the Roan.  See supra p.2 (describing tasks Hammell completed on the vessel); see also Conner, 799 F.Supp.2d at 467–69; Abbay, 2012 WL 975837, at *1 n.1 ("When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will meet the connection test necessary for the application of maritime law.").  Accordingly, the Court finds that maritime law governs this case.

## II.   BARE METAL DEFENSE AND CAUSATION UNDER MARITIME LAW

### A.   Legal Standard: Bare Metal Defense

The bare metal defense, as interpreted and applied under maritime law, limits liability imposed on a defendant to the asbestos-containing products that it manufactured or distributed.  Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492–95 (6th Cir. 2005); see also Conner v. Alfa Laval, Inc., 842 F.Supp.2d 791, 801 (E.D. Pa. 2012)

(adopting Lindstrom and holding that "under maritime law, a manufacturer is not liable for harm caused by, and owes no duty to warn of the hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute.").  Stated differently, under the bare metal defense, a defendant owes no duty to warn of the hazards inherent in asbestos products that it did not manufacture, distribute, sell, or place into the stream of commerce.  Conner, 842 F.Supp.2d at 802; see also Barnes v. Foster Wheeler Corp., No. 13-1285, 2014 WL 2965699, at *3–5 (D.N.J. June 30, 2014) ("to prevail on a tort claim for asbestos exposure, plaintiff must identify an asbestos-containing product manufactured or supplied by defendant.").  The bare metal defense often applies in cases where a defendant's "products and component parts are incorporated into each other or designed to be used in combination with each other (e.g., gaskets and packing incorporated into pumps and turbines, or insulation applied externally to them)."  Filer v. Foster Wheeler, LLC, 994 F.Supp.2d 679, 691 (E.D. Pa. 2014).  Thus, under maritime law, "the burden is on the Plaintiff to establish exposure to [an asbestos-containing] product manufactured or supplied by Defendant."  Devries v. Gen. Elec. Co., MDL No. 875, 2014 WL 6746811, at *1 n.1 (E.D. Pa. Oct. 10, 2014).

### B.    Legal Standard: Causation

A plaintiff must establish causation for an asbestos claim under maritime law by demonstrating that:  "(1) he was exposed to the defendant's product[;] and (2) the product was a substantial factor in causing the injury he suffered."  Lindstrom, 424 F.3d at 492. A plaintiff may rely upon direct or circumstantial evidence to support an inference related to asbestos exposure.  See id.

6

A mere "minimal exposure" to a defendant's product, however, is insufficient to establish causation.  Id.  "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient."  Id.  Rather, a plaintiff must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural."  Id.  (internal citation and quotation omitted).  A plaintiff, in order to survive a motion for summary judgment, must also persuade a court that the evidence related to any alleged exposure was a substantial factor in the development of an illness, and is not based on "conjecture" or otherwise "impermissibly speculative."  Devries, 2014 WL 6746811, at *1 n.1 ("[N]o reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from a product manufactured or supplied by Defendant such that it was a substantial factor in the development of his illness, because any such finding would be based on conjecture."); Sellers v. Air & Liquid Sys. Corp., MDL No. 875, 2014 WL 6736385, at *1 n.1 (E.D. Pa. Sept. 30, 2014) ("[N]o reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from a gasket manufactured or supplied by [Defendant] such that it was a substantial factor in the development of his illness because any such finding would be impermissibly speculative.").

### C.    Defendant's Arguments

Defendant argues that Plaintiff's claims fail as a matter of law under the bare metal defense.  (Dkt. 245 at 10–14.)  According to Defendant, here the bare metal defense bars liability for machinery that it did not place into the stream of commerce at the time of Hammell's alleged exposure.  (Id. at 14.)  Defendant, in further support of this

argument, contends that Plaintiff failed to meet its burden of establishing "exposure to a product manufactured or supplied by … defendant." (Id.)

### D.    Plaintiff's Arguments

Plaintiff argues that the bare metal defense does not apply here, because recent case law expanded the scope of Defendant's liability. (Dkt. 220 at 20 (citing Filer, 994 F.Supp.2d 679; Salisbury v. Asbestos Corp. Ltd., MDL No. 875, 2014 WL 345214 (E.D. Pa. Jan. 29, 2014); Founds v. Foster Wheeler LLC, MDL No. 875, 2014 WL 345224 (E.D. Pa. Jan. 29, 2014); Duenas, 2014 WL 345232, at *1 n.1).) See infra p.9 for the Court's analysis of these cases. Plaintiff also argues that Defendant had a duty to warn Hammell with respect to the turbines because it "sold replacement parts for overhauls on vessels that occurred years after the vessel's commissioning." (Dkt. 220 at 23.) Finally, Plaintiff argues that the bare metal defense does not displace traditional tort law duties. (See id. at 19–33.)

### E.    Analysis

The Court finds that Defendant has established a complete bare metal defense and is therefore entitled to summary judgment in its favor on this issue. Based upon the materials submitted by the parties, the Court does not find any evidence that Defendant manufactured any alleged asbestos-containing products aboard the Roan at the time of Hammell's alleged exposure. Nor does the Court find evidence that Defendant placed any injury-inducing products that caused Hammell's alleged injuries into the stream of commerce during the relevant time period. Accordingly, the Court finds that Defendant

cannot be responsible for any injury-inducing product that it did not manufacture or distribute.  Lindstrom, 424 F.3d at 494–95; Conner, 842 F.Supp.2d at 801–03.

The Court also rejects the cases cited by Plaintiff to overcome the bare metal defense as factually-inapposite here.  In each case cited, the relevant defendant was a shipbuilder.  See Filer, 994 F.Supp.2d at 682 (considering "whether, under maritime law, a builder of Navy ships is liable under a negligence theory for asbestos-related injuries arising from products it installed aboard a ship"); Salisbury, 2014 WL 345214, at *1 n.1 (asbestos suit against shipbuilder defendant); Founds, 2014 WL 345224, at *1 n.1 (defendant "built ships"); Duenas, 2014 WL 345232, at *1 n.1 (defendant "built ships"). The bare metal defense did not apply in those cases because the shipbuilder defendants did not design or manufacture the relevant "products and component parts" that were designed to be "used in combination with each other."  Filer, 994 F.Supp.2d at 691 (emphasis added); see also In re Asbestos Prods. Liab. Litig., MDL No. 875, 2011 WL 346822, at *6 (E.D. Pa. Jan. 13, 2011) (Magistrate Judge report and recommendation stating "under maritime law a defendant is only legally responsible for component parts which it either manufactured [or] distributed"), adopted by 2011 WL 359696 (E.D. Pa. Feb. 3, 2011).[2]

Plaintiff here fails to adduce evidence sufficient to establish that Defendant supplied any alleged asbestos-containing products present while Hammell was aboard the

---

[2] The Filer court further explained that "[b]ecause a ship is not a 'product,' the various products installed therein are not component parts of the ship; … designed to be used in connection with each other."  994 F.Supp.2d at 691.

Roan. As such, no reasonable jury could conclude from the evidence before the Court that Defendant's products caused Hammell's alleged injuries. Sellers, 2014 WL 6736385, at *1 n.1 (reasoning that "[w]hile it is possible that the [alleged asbestos-containing machinery] to which [plaintiff] was exposed [was] supplied by [Defendant], it is also possible that the [alleged asbestos-containing machinery was] supplied by another entity."). Accordingly, the Court will grant summary judgment in favor of Defendant on the issue of the bare metal defense. Devries, 2014 WL 6746811, at *1 n.1 (granting Defendant's motion for summary judgment due to the paucity of "evidence that the [alleged asbestos-containing machinery] to which Plaintiff was exposed [was] manufactured or supplied by" Defendant); Sellers, 2014 WL 6736385, at *1 n.1 (same).

## CONCLUSION

For the above-stated reasons, the Court will grant Defendant's motion for summary judgment as to the bare metal defense and enter judgment in favor of Defendant. The Court will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** June 26, 2015