NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA HAMMELL, individually and as executrix of the estate of ARTHUR HAMMELL, | : : : : : | CIVIL ACTION NO. 14-13 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | : : : | |
| Defendants. | : : | |

**COOPER, District Judge**

Plaintiff, Linda Hammell, individually and as executrix of the estate of Arthur Hammell, asserts that Arthur Hammell ("Hammell") was exposed to asbestos-containing products that were manufactured, distributed, or supplied by certain defendants during his service in the United States Navy ("Navy"). (Dkt. 1-5 at 7–8; see also dkt. 266 at 2, 4.)[1] Defendant General Electric Company ("Defendant") moves for summary judgment in its favor as to all claims asserted against it on, inter alia, the bare metal defense. (Dkt. 195-2 at 7.)

Plaintiff does not oppose Defendant's motion. (Dkt. 264 at 1, 4 (5-28-15 letter from Plaintiff identifying motion as unopposed).) For the reasons described below, the

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

Court will grant Defendant's motion for summary judgment based on the bare metal defense.

## BACKGROUND

### I. FACTUAL BACKGROUND

Hammell served as a boilerman in the Navy on a ship known as the USS Charles H. Roan (hereinafter, "Roan") from April of 1962 through September of 1964. (Dkt. 159-4 at 11, 17–18.) Hammell worked on the Roan when it was docked in the Brooklyn Navy Yard, and also when it was at sea. (Id. at 18, 26.) As part of his job duties, Hammell operated machinery, including boilers and superheaters in the forward fire room of the vessel. (Id. at 18, 75.) He testified, however, that he did not operate turbine generators, because that machinery was located in the engine rooms of the vessel. (Id. at 86.) Hammell also conceded, during a deposition, that he could not recall working on equipment that was manufactured by Defendant. (Id.)

Defendant supplied turbine generators to the Roan. (Dkt. 195-1 at 1–2.) Defendant asserts, however, that it did not supply asbestos-containing machinery at the time of Hammell's alleged exposure. (Dkt. 195-2 at 25.)

### II. PROCEDURAL BACKGROUND

Plaintiff initially brought this action in New Jersey Superior Court, Middlesex County ("Middlesex County") on November 15, 2013 against this Defendant and many others. (See dkt. 1-5 at 6–8.) Plaintiff alleged that Defendant failed to warn Hammell of the hazards of alleged asbestos-containing machinery that it supplied to the Navy. (Id. at

13–14.) According to Plaintiff, Defendant's failure to warn was the proximate cause of Hammell's injuries. (See id. at 14.)

This action was removed pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (See dkt. 1 at 1.) Plaintiff moved to remand the action to Middlesex County. (Dkt. 82-2 at 6.) This Court denied Plaintiff's motion for remand. (Dkt. 167.) The Court now considers the pending motion for summary judgment below.

## DISCUSSION

### I. LEGAL STANDARD AND APPLICABLE LAW

#### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 56 governs motions for summary judgment. See Fed.R.Civ.P. 56(a). Pursuant to Rule 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (internal citation and quotation omitted).

A movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion. Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Instead, a court may grant the unopposed motion "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(3); see also Anchorage Assocs., 922

3

F.2d at 175.  An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law.  Anchorage Assocs., 922 F.2d at 175.

"If the nonmoving party fails to oppose the motion [for summary judgment] by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Kadetsky v. Egg Harbor Twp. Bd. of Educ., 164 F.Supp.2d 425, 431–32 (D.N.J. 2001) (internal quotation and citation omitted).  Further, even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant] … to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment."  Stasicky v. S. Woods State Prison, No. 03-369, 2007 WL 1723467, at *6 (D.N.J. June 12, 2007) (internal quotation and citation omitted).

### B.     Applicable Law

Defendant argues that either maritime law or New Jersey law governs this case. (Dkt. 195-2 at 7.)  The Court provides the following analysis, and determines that maritime law applies here.

Maritime law applies when a claim meets both a "locality test" and a "connection test."  Conner v. Alfa Laval, Inc., 799 F.Supp.2d 455, 461–66 (E.D. Pa. 2011).  The locality test is satisfied when a tort related to a claim at issue occurred: (1) on navigable waters, which includes vessels that are docked in shipyards; or (2) on land, but as the result of a "vessel on navigable waters."  Duenas v. Gen. Elec. Co., MDL No. 875, 2014 WL 345232, at *1 n.1 (E.D. Pa. Jan. 29, 2014).  The connection test is met when the tort

4

related to the claim at issue: (1) had a potentially disruptive impact on maritime commerce; and (2) bore a substantial relationship to traditional maritime activity. Conner, 799 F.Supp.2d at 466–69 (holding that alleged asbestos exposure "plainly had a potentially disruptive impact on maritime commerce as to the injured parties" and finding that the allegedly-defective products bore "a substantial relationship to traditional maritime activity.").

The locality test is satisfied here, because the alleged asbestos exposure occurred when Hammell was aboard the Roan when it was docked at the Brooklyn Navy Yard and when it was at sea. See supra p.2; see also Conner, 799 F.Supp.2d at 466 ("Thus, in the case of asbestos-related disease arising from work on or around ships, the Court concludes that the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters."); Abbay v. Armstrong Int'l, Inc., MDL No. 875, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (stating that "it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters.").

The connection test is also met here, because the alleged asbestos exposure occurred when Hammell was performing sea-based tasks related to the maintenance of the Roan. See supra p.2 (describing tasks Hammell completed on the vessel); see also Conner, 799 F.Supp.2d at 467–69; Abbay, 2012 WL 975837, at *1 n.1 ("When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will meet the connection test necessary for the application of maritime law."). Accordingly, the Court finds that maritime law governs this case.

## II. BARE METAL DEFENSE AND CAUSATION UNDER MARITIME LAW

### A. Legal Standard: Bare Metal Defense

The bare metal defense, as interpreted and applied under maritime law, limits liability imposed on a defendant to the asbestos-containing products that it manufactured or distributed. Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492–95 (6th Cir. 2005); see also Conner v. Alfa Laval, Inc., 842 F.Supp.2d 791, 801 (E.D. Pa. 2012) (adopting Lindstrom and holding that "under maritime law, a manufacturer is not liable for harm caused by, and owes no duty to warn of the hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute."). Stated differently, under the bare metal defense, a defendant owes no duty to warn of the hazards inherent in asbestos products that it did not manufacture, distribute, sell, or place into the stream of commerce. Conner, 842 F.Supp.2d at 802; see also Barnes v. Foster Wheeler Corp., No. 13-1285, 2014 WL 2965699, at *3–5 (D.N.J. June 30, 2014) ("to prevail on a tort claim for asbestos exposure, plaintiff must identify an asbestos-containing product manufactured or supplied by defendant."). The bare metal defense often applies in cases where a defendant's "products and component parts are incorporated into each other or designed to be used in combination with each other (e.g., gaskets and packing incorporated into pumps and turbines, or insulation applied externally to them)." Filer v. Foster Wheeler, LLC, 994 F.Supp.2d 679, 691 (E.D. Pa. 2014). Thus, under maritime law, "the burden is on the Plaintiff to establish exposure to [an asbestos-containing] product manufactured or supplied by Defendant." Devries v. Gen. Elec. Co., MDL No. 875, 2014 WL 6746811, at *1 n.1 (E.D. Pa. Oct. 10, 2014).

6

B.     **Legal Standard: Causation**

A plaintiff must establish causation for an asbestos claim under maritime law by demonstrating that: "(1) he was exposed to the defendant's product[;] and (2) the product was a substantial factor in causing the injury he suffered." Lindstrom, 424 F.3d at 492. A plaintiff may rely upon direct or circumstantial evidence to support an inference related to asbestos exposure. See id.

A mere "minimal exposure" to a defendant's product, however, is insufficient to establish causation. Id. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. Rather, a plaintiff must show "a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural." Id. (internal citation and quotation omitted). A plaintiff, in order to survive a motion for summary judgment, must also persuade a court that the evidence related to any alleged exposure was a substantial factor in the development of an illness, and is not based on "conjecture" or otherwise "impermissibly speculative." Devries, 2014 WL 6746811, at *1 n.1 ("[N]o reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from a product manufactured or supplied by Defendant such that it was a substantial factor in the development of his illness, because any such finding would be based on conjecture."); Sellers v. Air & Liquid Sys. Corp., MDL No. 875, 2014 WL 6736385, at *1 n.1 (E.D. Pa. Sept. 30, 2014) ("[N]o reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from a gasket manufactured or supplied by [Defendant] such

that it was a substantial factor in the development of his illness because any such finding would be impermissibly speculative.").

### C. Defendant's Arguments

Defendant argues that Plaintiff's claims fail as a matter of law under the bare metal defense. (Dkt. 195-2 at 23–24.) According to Defendant, here the bare metal defense bars liability for "injury-inducing products which it neither manufactured nor placed into the stream of commerce." (Id. at 8.) Defendant supports this argument by pointing to the paucity of evidence establishing that "Hammell or anyone in his presence worked on" equipment manufactured or supplied by Defendant. (Id. at 23.)

### D. Analysis

The Court finds that Defendant has established a complete bare metal defense and is therefore entitled to summary judgment in its favor on this issue. Based upon the uncontested evidence here, the Court finds that there is no issue of fact regarding whether Defendant manufactured any alleged asbestos-containing products aboard the Roan at the time of Hammell's alleged exposure. Nor does the Court find evidence that Defendant placed any injury-inducing products that caused Hammell's alleged injuries into the stream of commerce during the relevant time period. Accordingly, the Court finds that Defendant cannot be responsible for any injury-inducing product that it did not manufacture or distribute. Lindstrom, 424 F.3d at 494–95; Conner, 842 F.Supp.2d at 801–03.

The Court's review of the record indicates that Plaintiff fails to adduce evidence sufficient to establish that Defendant supplied any alleged asbestos-containing products

8

present while Hammell was aboard the Roan.  As such, no reasonable jury could conclude from the evidence before the Court that Defendant's products caused Hammell's alleged injuries.  Sellers, 2014 WL 6736385, at *1 n.1 (reasoning that "[w]hile it is possible that the [alleged asbestos-containing machinery] to which [plaintiff] was exposed [was] supplied by [Defendant], it is also possible that the [alleged asbestos-containing machinery was] supplied by another entity.").  Accordingly, the Court will grant summary judgment in favor of Defendant on the issue of the bare metal defense.  Devries, 2014 WL 6746811, at *1 n.1 (granting Defendant's motion for summary judgment due to insufficient "evidence that the [alleged asbestos-containing machinery] to which Plaintiff was exposed [was] manufactured or supplied by" Defendant); Sellers, 2014 WL 6736385, at *1 n.1 (same).

## CONCLUSION

For the above-stated reasons, the Court will grant Defendant's motion for summary judgment as to the bare metal defense and enter judgment in favor of Defendant.  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** June 26, 2015