NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA HAMMELL, individually and as executrix of the estate of ARTHUR HAMMELL, <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, *et al.*, <br> Defendants. | CIVIL ACTION NO. 14-0013 (MLC) <br><br> **MEMORANDUM OPINION** |

**COOPER, District Judge**

## INTRODUCTION

This is an asbestos personal injury case originally brought in the New Jersey Superior Court but later removed to this Court. After we granted summary judgment in favor of the three defendants that had removed the case, we discretionarily remanded the remaining claims to state court. The Third Circuit subsequently ordered us to consider additional questions regarding our grant of summary judgment in favor of the removing defendants. In light of that ruling, Crane Co. ("Crane"), one of the remanded defendants, filed the present Motion for Leave to Rescind Remand Order and Re-file and Supplement Its Motion for Summary Judgment. (Dkt. 289.) For the reasons stated below, we will deny Crane's motion with prejudice. The Court resolves this motion without oral argument. See L.Civ.R. 78.1(b).

## DISCUSSION

**I.     Procedural History**

Plaintiffs Arthur Hammell and Linda Hammell brought this action to recover damages for personal injuries allegedly caused by Mr. Hammell's exposure to asbestos. (Dkt. 1-5.)[1] The Plaintiffs originally brought this action in New Jersey Superior Court, Middlesex County. (Id.) Defendants CBS Corporation ("CBS") and Foster Wheeler Energy Corp. ("Foster Wheeler") removed the case to this Court pursuant to 28 USC § 1442(a)(1) and § 1446.[2] (Dkt. 1.) Defendant General Electric Company ("GE," and together with CBS and Foster Wheeler, the "Removing Defendants") filed a separate Joinder in Notice of Removal also under Section 1442. (Dkt. 8.) Both the initial notice of removal filed by CBS and Foster Wheeler and the subsequent joinder filed by GE invoked Section 1442 on the basis of a colorable "government contractor" defense. (Dkt. 1 at 2–3; dkt. 8 at 2–3.) Neither Crane nor any other defendant filed notices of removal or joined the existing removal notice.[3]

Unsatisfied with having their case removed to this Court, the Plaintiffs filed a motion to remand the case to state court claiming that the Removing Defendants had failed to raise a colorable government contractor defense and therefore could not remove the case under Section 1442. (Dkt. 82-2 at 11–34.) The Removing Defendants filed a detailed response

---

[1] The Court will cite to documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers as "dkt." Pincites reference ECF pagination.

[2] Section 1442(a)(1) allows a defendant to remove a matter to federal court if the case is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

[3] Removal under Section 1442(a)(1) is somewhat unusual in that it does not require the unanimous consent of all defendants. See Torres v. CBS News, 854 F.Supp. 245, 246 n.2 (S.D.N.Y. 1994).

asserting that they had satisfied the requirements of removal. (Dkt. 103.) Although it had not personally filed a notice of removal or joinder of an existing notice of removal, Defendant Crane separately opposed the Plaintiffs' motion to remand arguing that it too had a colorable government contractor defense. (Dkt. 105.) We ultimately denied the Plaintiffs' motion to remand, concluding that the Removing Defendants had satisfied the requirements for removal under Section 1442. (Dkt. 166.) Because Crane had not filed or joined a notice of removal, we did not have reason to address Crane's assertion of the government contractor defense. (Id.)

More than a dozen summary judgment motions from the Plaintiffs and Defendants followed on various grounds. CBS (dkt. 154-1), Foster Wheeler (dkt. 157-1), and GE (dkt. 159-1) moved for summary judgment on, among other grounds, a "bare metal" defense. As we have previously explained, the "bare metal" defense under maritime law allows a defendant to argue that it should not be held liable for failing to warn of the dangers inherent in asbestos products that it did not manufacture, distribute, sell, or place into the stream of commerce. See, e.g., Hammell v. Air & Liquid Sys. Corp., No. 14-13, 2015 WL 4158780, at *3 (D.N.J. June 26, 2015). In a trio of decisions, we granted summary judgment in favor of all three Removing Defendants on the basis of the bare metal defense. (Dkt. 268, 270, and 272.)

With summary judgment granted and judgment entered in favor of all three Removing Defendants, the claims giving rise to the removal of the action were no longer before the Court. Accordingly, we exercised our discretionary authority to remand the remaining claims back to the Superior Court and denied all other pending motions without prejudice on June

3

26, 2015 (the "Remand Order").  (Dkt. 274, 275.)  No party appealed the Remand Order or otherwise moved for its reconsideration.

Following the remand to state court, the parties continued litigating their claims.  Although the parties did not address the topic in their briefing, a review of the New Jersey Superior Court's electronic public records reveals that numerous motions were filed in that court following the Remand Order.[4]

The Plaintiffs timely appealed the grant of summary judgment in favor of CBS and Foster Wheeler.  (Dkt. 277.)  After review, the Third Circuit remanded the case to this Court for further proceedings to consider, *inter alia*, whether our analysis of the bare metal defense applied to the Plaintiffs' negligence claims as well as their strict liability claims.  (Dkt. 279.)  That issue is currently pending before this Court.  Meanwhile, the remanded state court proceedings have been stayed pending our resolution of the questions raised by the Third Circuit.  (Dkt. 290 at 17.)

More than two months after the Third Circuit's decision, and more than a year after the Remand Order, Crane filed this Motion for Leave to Rescind Remand Order and Re-file and Supplement Its Motion for Summary Judgment.  (Dkt. 289.)

## II.      Legal Standard

Courts have discretion to remand a removed case to state court once the underlying claims giving rise to federal jurisdiction have been decided.  See, e.g., Carnegie-Mellon Univ.

---

[4] Although the parties have not provided details on what motions were filed with or resolved by the New Jersey Superior Court following the Remand Order, we take judicial notice of the existence of these filings.  See O'Boyle v. Braverman, 337 F. App'x 162, 164–165 (3d Cir. 2009).

4

v. Cohill, 484 U.S. 343, 357 (1988); Dougherty v. A.O. Smith Corp., No. 13-1972, 2014 WL 4447293, at *1–2 (D. Del. Sept. 8, 2014) (remanding case when no claims remained against defendant that had removed case under Section 1442). Such discretionary remands are subject to both appellate review and timely motions for reconsideration by the district court. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 636 (2009); Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 158 (3d Cir. 1998).

The Federal Rules of Appellate Procedure require that notices of appeal be filed with the district court clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a). Such notices must also "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c). Under our Local Civil Rule 7.1(a), motions for reconsideration must be filed within 14 days after the entry of the order or judgment unless otherwise specified by statute.

### III. Discussion

Crane offers two reasons why we should vacate the Remand Order. First, Crane argues that it would be "consonant with justice" to do so because the impetus for the remand (*i.e.*, the grant of summary judgment to the Removing Defendants) no longer holds in light of the Third Circuit's ruling. (Dkt. 289 at 2.) Second, Crane argues that the Third Circuit's decision has overruled the Remand Order by implication. (Id. at 3.)

Neither argument is persuasive. There is nothing inherently unjust about Crane continuing to litigate its case in state court—indeed, Crane does not explain why justice would be better served by vacating the Remand Order. (Dkt. 289 at 2.) In contrast, vacating the Remand Order carries its own risks of injustice. There is an open question (not briefed by

5

the parties) as to whether the state court proceedings undertaken post-remand would be void or voidable as a result of this Court vacating a sixteen-month old Remand Order and retaking jurisdiction over the claims from state court. See, e.g., Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 241 (4th Cir. 2007). Entering such a procedural morass would undermine the very principles of comity and efficiency that counseled towards remanding the claims in the first place. See In re C & M Properties, L.L.C., 563 F.3d 1156, 1166 (10th Cir. 2009) ("[F]ighting in federal district court over issues in already remanded claims can do no more than risk advisory opinions and invite the possibility that a claim will drift along aimlessly for years, half in federal court and half in state court, at a great cost alike to the parties, courts, and essential principles of federal-state comity."). These considerations counsel against vacating our Remand Order, particularly where Crane declined to file or join a notice of removal, timely appeal the Remand Order, or timely move for its reconsideration.[5]

Nor is the Remand Order implicitly overruled by the Third Circuit's ruling. Crane offers no support for this argument other than asserting that the Remand Order was based on the Court's grant of summary judgment in favor of the Removing Defendants. Nothing in the

---

[5] Because we decline Crane's invitation to discretionarily vacate our Remand Order, we do not reach the merits of Plaintiffs' argument—unrebutted by Crane—that this Court lacks the jurisdiction to grant the relief sought. (Dkt. 290 at 11.) Although our discretionary remand was appealable, Carlsbad, 556 U.S. at 636, we have seen no authority that a federal court retains permanent, ongoing jurisdiction to discretionarily vacate its own remand order after returning jurisdiction over the remanded claims to the state court. Cf. Reifer v. Westport Ins. Corp., 751 F.3d 129, 133 (3d Cir. 2014) (explaining that, post-remand, "the district court disassociates itself from the case entirely, retaining nothing of the matter on [its] docket"). We are not unmindful that if this motion were granted, Crane would be returned here, but all the remaining non-federal claims and defenses involving all the other remanded defendants would be drawn back into this action as well.

Third Circuit's ruling, however, either implicitly or explicitly requires us to retroactively vacate our Remand Order.  The Third Circuit did not—and could not—address the Remand Order because Crane did not appeal it.  Further, the Court's grant of summary judgment in favor of the Removing Defendants was not reversed; we have been tasked with the question of clarifying our grant of summary judgment.  That inquiry may or may not ultimately result in a decision that bears on the rationale for our discretionary remand.  We also find it unlikely that the Third Circuit implicitly intended to cast parallel state court proceedings into limbo by retroactively divesting New Jersey state court of its jurisdiction over the remanded claims more than a year after the Remand Order.

Finally, because we decline to vacate our Remand Order, we will likewise deny Crane's contingent requests to re-file its summary judgment motion and provide additional briefing.  (Dkt. 289 at 4–6.)

## CONCLUSION

For the reasons stated above, the Court will deny with prejudice Crane's Motion for Leave to Rescind Remand Order and Re-file and Supplement Its Motion for Summary Judgment (dkt. 289).  The Court will issue an appropriate order.

    s/ Mary L. Cooper  
    **MARY L. COOPER**  
    United States District Judge

**Dated:**  October 26, 2016