**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LINDA HAMMELL, individually and as
Executrix and Executrix ad Prosequendum of
the Estate of ARTHUR HAMMELL,

    Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION,
et al.,

    Defendants.

Civil Action No. 14-13 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant CBS Corporation's ("Westinghouse") Motion for Reconsideration of the Court's August 31, 2020 Order denying Westinghouse's Motion for Summary Judgment. (ECF No. 367.) Plaintiff Linda Hammell ("Plaintiff"), individually and as Executrix and Executrix ad Prosequendum of the Estate of Arthur Hammell ("Mr. Hammell"), opposed. (ECF No. 370.) Subsequently, Westinghouse filed a Motion for Leave to File a Reply Brief in Support of its Motion for Reconsideration. (ECF No. 371.)[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

### I.    BACKGROUND

This case arises from Mr. Hammell's death from mesothelioma caused by exposure to asbestos. *Hammell v. Air & Liquid Sys. Corp.*, No. 14-13, 2020 WL 5107478, at *1 (D.N.J. Aug.

---

[1] Westinghouse's Proposed Reply Brief withdrew two of its three arguments for reconsideration. (Proposed Reply Br. 2-3, ECF No. 371-1.) Accordingly, the Court will not consider those arguments.

31, 2020). In the 1940s, Westinghouse furnished certain "forced draft blowers" ("FDBs") to the United States Navy. *Id.* Mr. Hammell served in the Navy in the 1960s aboard the U.S.S. *Charles H. Roan* in a forward fireroom where FDBs were installed. *Id.* "When the *Roan* was constructed, the Navy's specifications allowed Westinghouse to use either asbestos-containing gaskets or gaskets that did not contain asbestos. At the time of sale, the Westinghouse FDBs incorporated gaskets that contained asbestos. Westinghouse-produced design drawings for the FDBs specified the use of gaskets containing asbestos." *Id.* at *2 (citations omitted).

The Court previously denied Westinghouse's Motion for Summary Judgment, finding, among other things, that the summary judgment record did not establish that the government contractor defense barred Plaintiff's claims against Westinghouse. To establish the government contractor defense, "a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications; and (3) [the defendant] warned the United States about the dangers in the use of the equipment that were known to it but not to the United States." *Duenas v. Gen. Elec. Co.*, MDL No. 875, No. 12-60040, 2014 WL 345232, at *5 n.1 (E.D. Pa. Jan. 29, 2014) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)). In its earlier Opinion, the Court found that Westinghouse had not established the third prong of the government contractor defense because "there is a dispute of material fact over whether the government knew as much or more than Westinghouse about the hazards of the Westinghouse FDBs or asbestos." *Hammell*, 2020 WL 5107478, at *8.

In the Motion now before the Court, Westinghouse argues that the Court's earlier opinion, "overlooked crucial evidence showing that the Navy also knew that exposure to at least some amount of asbestos dust would be associated with the use of asbestos gaskets by its sailors." (Proposed Reply Br. 4-5.) Specifically, Westinghouse argues that the Court "seemingly

overlook[ed] key aspects of Dr. Samuel Forman's undisputed testimony." (*Id.* at 3.) Westinghouse maintains that Forman's testimony establishes that "the Navy found asbestos gaskets safe, not because of a belief that such gaskets were non dust producing but, rather, because of the known fact that they were 'low dust producing.'" (Moving Br. 9 n.4, ECF No. 367-1 (citing Forman Decl. ¶¶ 110-15, Ex. E to Keale Certif., ECF No. 346-8).) Accordingly, Westinghouse argues that the government contractor defense bars Plaintiff's claims.

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities they believe the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant may show, among other things, "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

"Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

## III. DISCUSSION

As a preliminary matter, the Court notes that its earlier Opinion did not overlook Dr. Forman's proffered expert report. *See, e.g.*, *Hamell*, 2020 WL 5107478, at *4 (discussing Forman Decl. ¶¶ 107-09). Nevertheless, in the Motion now before the Court, Westinghouse argues that Forman's report establishes that "the Navy found asbestos gaskets safe, not because of a belief that such gaskets were non dust producing but, rather, because of the known fact that they were 'low dust producing.'" (Moving Br. 9 n.4 (citing Forman Decl. ¶¶ 110-15).) On the contrary, however, the Court finds that the instant Motion's citation to the Forman Report only further supports the Court's earlier finding that there is a material dispute of fact regarding the Navy's knowledge of the risk of asbestos exposure through Westinghouse's gaskets. Although the present Motion argues that the Navy knew the gaskets were dust producing, Westinghouse's previous statement of undisputed material facts made a contradictory assertion:

> it was the Navy's carefully considered opinion that, as to [gaskets]: 'All of the asbestos in these items is fabricated as cloth, rope, or compressed sheet with binders, so that the items are not friable when they are cut. *Thus, these items do not cause dust in shipboard applications.* In addition, in many instances, they are received already incorporated in the finished assembly, such as a valve, and do not require fabrication by the shipyard. For these reasons, packings and gaskets containing asbestos are not considered to be a significant health hazard.'

(Westinghouse's Statement of Undisputed Material Facts in Supp. of Summ. J. Mot. ¶ 33, ECF No. 346-2 (emphasis added) (emphasis omitted) (quoting Dec. 9, 1968 Dep't of the Navy Memorandum re "Hazards of Asbestos", Ex. K. to Keale Certif., ECF No. 346-14).)

4

Accordingly, the Summary Judgment record supports the Court's findings that there is a dispute of material facts as to the Navy's knowledge of the hazards of Westinghouse's FDBs. Westinghouse, therefore, has not met its burden of showing a clear error of law or fact by the Court requiring reconsideration. *Cf. Rich*, 294 F. Supp. 3d at 272 ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (citations omitted)). Once again:

> Considering Westinghouse's awareness that (1) the FDBs would require periodic replacement, (2) the replacement process could expose workers to asbestos, (3) asbestos was hazardous, and (4) the Navy determined asbestos-containing gaskets presented no health hazard in shipyard applications, there is a sufficient dispute of material fact over whether the Navy knew as much or more than Westinghouse about the hazards of asbestos or the FDBs. Westinghouse, accordingly, fails to demonstrate it is entitled to judgment as a matter of law on the basis of the government contractor defense.

*Hamell*, 2020 WL 5107478, at *8.

For the reasons set forth above, and for other good cause shown,

IT IS on this 14th day of April 2021 **ORDERED** that:

1. Westinghouse's Motion for Leave to File a Reply Brief in Support of its Motion for Reconsideration (ECF No. 371) is **GRANTED**.

2. Westinghouse's Motion for Reconsideration (ECF No. 367) is **DENIED**.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE